UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| ROBERT PEREZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TRANSPORTATION SGT,<br><br>　　　　Defendant. | Case No. CV 18-01193 CJC (AFM)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On June 1, 2018, plaintiff, a prisoner formerly held at the West Valley Detention Center ("WVDC") in Rancho Cucamonga, California, filed a Complaint (ECF No. 1) in this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff subsequently was granted leave to proceed without prepayment of the filing fees. (ECF No. 4.) The Complaint names as the only defendant an unidentified "Transportation Sgt.," in his or her official capacity. (*Id*. at 3.)

Plaintiff's single claim appears to arise from allegedly "inhumane [and] dangerous policies" concerning the transportation of inmates to court and state prison. (*Id.* at 5.) That claim is purportedly raised under the Eighth and Fourteenth Amendments for "cruel and unusual punishment as well as medical neglect." (*Id*.) Plaintiff seeks monetary compensation. (*Id*. at 6.)

The Court has screened the Complaint prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *see also Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (when determining whether a complaint should be dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2), the court applies the same standard as applied in a motion to dismiss pursuant to Rule 12(b)(6)). In determining whether the pleading states a claim on which relief may be granted, its allegations of material fact must be taken as true and construed in the light most favorable to plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 134 S. Ct. 2056, 2065 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). Rather, a court first "discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1129 (9th Cir. 2013). Then, "dismissal is appropriate where the plaintiff failed to allege enough *facts* to state a claim to relief that is plausible on its face." *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017) (internal quotation marks omitted, emphasis added).

Further, since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any

doubt. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010); *see also Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (because plaintiff was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). However, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); *see also Iqbal*, 556 U.S. at 678 (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

In addition, Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

(Emphasis added). Further, Rule 8(d)(1) provides: "Each allegation must be simple, concise, and direct." Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. United States Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v.*

3

*Block*, 932 F.2d 795, 798 (9th Cir. 1991) (a complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely make factual allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the pleading fails to comply with Rule 8. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996); *Nevijel v. Northcoast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981). A claim has "substantive plausibility" if a plaintiff alleges "simply, concisely, and directly [the] events" that entitle him to damages. *Johnson v. City of Shelby*, 135 S. Ct. 346, 347 (2014). Failure to comply with Rule 8 constitutes an independent basis for dismissal of a pleading that applies even if the claims are not found to be wholly without merit. *See McHenry*, 84 F.3d at 1179; *Nevijel*, 651 F.2d at 673.

Following review of the Complaint, the Court finds that it fails to comply with Rule 8 because it fails to include a short and plain statement of each claim that is sufficient to give any defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. In addition, its allegations appear insufficient to state any claim upon which relief may be granted against the sole defendant. Accordingly, the Complaint is dismissed with leave to amend. *See Rosati*, 791 F.3d at 1039 ("A district court should not dismiss a *pro se* complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the deficiencies discussed below.** Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the

deficiencies of this pleading as discussed herein, the Court will recommend that this action be dismissed without leave to amend.[1]

## A. Failure to allege Article III standing

A federal court has an obligation to assure itself of jurisdiction before proceeding to the merits of any case. *See Lance v. Coffman*, 549 U.S. 437, 439, (2007) ("Federal courts must determine that they have jurisdiction before proceeding to the merits."). Further, a federal court lacks subject matter jurisdiction if a plaintiff fails to establish Article III standing. A plaintiff "bears the burden of establishing these elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

To establish constitutional standing under Article III, a plaintiff seeking compensatory relief must demonstrate that he: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Town of Chester v. Laroe Estates, Inc.*, 137 S. Ct. 1645, 1650 (2017); *see also Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1141 (9th Cir. 2013) (to satisfy the causality element for Article III standing, "[t]he line of causation between the defendant's action and the plaintiff's harm must be more than attenuated"). Additionally, "[i]t is a well-established rule that a litigant may assert only his own legal rights and interests and cannot rest a

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as dispositive of that claim. Accordingly, although this Court believes that you have failed to plead sufficient factual matter in your pleading, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately may submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

claim to relief on the legal rights or interests of third parties." *Coalition of Clergy v. Bush*, 310 F.3d 1153, 1163 (9th Cir. 2002) (citing *Singleton v. Wulff*, 428 U.S. 106, 113-14 (1976)). Accordingly, "plaintiff must show that *he* . . . suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Spokeo, Inc.*, 136 S. Ct. at 1548 (internal quotation marks omitted, emphasis added). Finally, "a plaintiff must demonstrate standing for each claim he seeks to press." *Town of Chester*, 137 S. Ct. at 1650.

Here, the Complaint does not set forth any facts concerning plaintiff's detention at the WVDC: Plaintiff does not allege at what time or times he was detained. Plaintiff indicates that the claim in the Complaint arose on "Jan 1998 thru [sic] May 2018" (ECF No. 1 at 3), and plaintiff states in an introductory paragraph that the Complaint "concerns the inhumane and dangerous policy implemented by the [WVDC's] Transportation Department for the past 20 years," (*id*. at 1). But the Complaint does not allege that plaintiff was detained at the WVDC during that time period. Additionally, in his Claim I, plaintiff alleges that "for the past 20 years inmates have been transported to county courts and state prisons" using a "5-man chain." (*Id*. at 5.) Plaintiff alleges "I was injured numerous times," but he fails to set forth any supporting facts concerning when or under what circumstances he was injured. (*Id*.) Further, plaintiff alleges that "inmates are subjected to hours of prolonged intense pains [sic]," and that inmates who are "sickly" or diabetic cannot be given treatment by "medics." Plaintiff, however, does not allege that he personally was ever denied medical treatment on a specific day because of the alleged transportation policy. Similarly, plaintiff alleges, "many inmates have suffered injuries," and that "hundreds of thousand [sic] of men and women have been subjected to" pain and suffering in "San Bernardino County" while "enroute [sic] to court daily." (ECF No. 1 at 5-6.) Yet the only allegation set forth concerning *plaintiff* is that "I was injured numerous times." (*Id*. at 5.) Such a

generalized allegation, without any supporting facts, fails to meet plaintiff's burden of showing that he personally suffered an injury-in-fact that is concrete and particularized. As a *pro se* litigant, plaintiff may not vicariously assert the constitutional claims of others. *See Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997); *United States v. Mitchell*, 915 F.2d 521, 526 n.8 (9th Cir. 1990) (a *pro se* litigant does not have standing to raise the claims of other persons whose rights may have been violated). Moreover, plaintiff may not establish the Article III standing necessary for the Court to have jurisdiction in this action by resting his claim to relief on the legal rights or interests of other parties. *See, e.g., Coalition of Clergy*, 310 F.3d at 1163.

Because plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. *See Hebbe*, 627 F.3d at 342. The Court, however, is not "bound to accept as true a legal conclusion couched as a factual allegation." *Wood*, 134 S. Ct. at 2065 n.5 (citing *Iqbal*, 556 U.S. at 678). In addition, in determining the sufficiency of a claim, the Court discounts allegations that are conclusory and unsupported by specific factual allegations (such as "I was injured numerous times" (ECF No. 1 at 5)), which are not entitled to a presumption of truth. *See, e.g., Salameh*, 726 F.3d at 1129.

Accordingly, the Court finds that plaintiff's allegations fail to establish Article III standing because the Complaint does not set forth facts showing that plaintiff was detained at the WVDC, that plaintiff was transported by an employee of the WVDC, that plaintiff was transported using the method that he is challenging in this Complaint, or that, on a specific day, plaintiff was injured because of the transportation method that was used while plaintiff was being transported. Because plaintiff does not allege sufficient facts to show that he suffered a concrete and specific injury that was *caused by* the policy that he purports to challenge in this action, he lacks constitutional standing to raise his claims, and this Court lacks jurisdiction over this action.

## B. Failure to comply with Rule 8

Rule 8 requires that plaintiff alleges a minimum factual basis for each claim that is sufficient to give a defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Here, plaintiff's Complaint sets forth only general conclusions about alleged injuries that many unidentified detainees suffered over "the past 20 years." In addition, in his single "Claim I," plaintiff appears to also reference a failure of unspecified individuals to provide "medical attention" at unspecified times for unspecified injuries, and plaintiff alleges that he suffered "medical neglect." Because plaintiff references what appears to be multiple claims within one claim and does not set forth supporting factual allegations, plaintiff's pleading fails to set forth a minimum factual or legal basis for each claim that is sufficient to give a defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.

As noted above, because plaintiff is a *pro se* litigant, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. That said, the Supreme Court has made clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Further, plaintiff's Complaint must be adequate to meet the minimal requirement of Rule 8 that a pleading set forth sufficient factual allegations to allow each defendant to discern what he or she is being sued for. *See McHenry*, 84 F.3d at 1177; *see also Twombly*, 550 U.S. at 555 ("[f]actual allegations must be enough to raise a right to relief above the speculative level"). In addition, the Supreme Court has held that, while a plaintiff need not plead the legal basis for a claim, the plaintiff must allege "simply, concisely, and directly events" that are sufficient to inform the defendants of the "factual basis" of each claim. *Johnson*, 135 S. Ct. at 347. Here, plaintiff's Complaint fails to set forth a simple and direct statement of the factual or legal basis of any claim that is sufficient to allow a

defendant to discern what he or she is being sued for.

Further, plaintiff names an unidentified "transportation sgt." as the sole defendant, (ECF No. 1 at 3), but the Complaint does not set forth any factual allegations that this defendant took any action. If plaintiff intends to raise federal civil rights claims against any employee of the WVDC for inadequate health care, he must set forth a short and plain statement of each such claim showing that a specific defendant took a specific action, participated in another's action, or omitted to perform an action that caused each alleged constitutional deprivation. To state a federal civil rights claim against a particular defendant, plaintiff must allege that a specific defendant, while acting under color of state law, deprived him of a right guaranteed under the Constitution or a federal statute. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that *causes* the deprivation of which [the plaintiffs complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis and alteration in original)). In addition, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Accordingly, plaintiff must allege that a specific defendant "through the official's own individual actions, has violated the Constitution." *Id*. at 676-77 ("each Government official, his or her title notwithstanding, is only liable for his or her own misconduct").

Finally, irrespective of his *pro se* status, plaintiff must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California. *See, e.g., Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 (9th Cir. 1997) ("*pro se* litigants are not excused from following court rules"); L.R. 1-3. Pursuant to Fed. R. Civ. P. 10, the body of a

complaint must include all defendants listed in the caption of the pleading. Plaintiff's Complaint does not have a caption that lists any defendants. Additionally, plaintiff must comply with the Local Rules regarding the format of a pleading, such as L.R. 11-3.2, which requires that the lines on each page be numbered and that no more than 28 lines of double-spaced text be on each page. Plaintiff must also sign and date his pleading, if he decides to file a First Amended Complaint. (*See* L.R. 11-1.)

///

///

## C. Failure to state a claim against the defendant in his/her official capacity

The Complaint names one defendant, and that defendant is named only in his or her official capacity. (ECF No. 1 at 3.) The Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." *Graham*, 473 U.S. at 166. Accordingly, any claim against a defendant who is alleged to be employed by the WVDC in his or her official capacity is treated as a claim against the WVDC.

A local government entity such as the WVDC "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("local governments are responsible only for their own illegal acts"). Further, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676. Accordingly, plaintiff may not hold

the WVDC liable for the allegedly unconstitutional conduct of its employees.

In the present case, the Complaint fails to set forth any factual allegations that a specific policy or custom promulgated by the County was the "actionable cause" of a specific constitutional violation. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under *Monell*, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). Plaintiff alleges that a "policy" has been used for "20 years or more" to transport inmates on "5-man chains." (ECF No. 1 at 1.) Plaintiff also references "dangerous policies implemented by the WVDC Transportation Department," (*id*. at 5). It is not clear to the Court if plaintiff is purporting to allege that the WVDC has one formal policy that caused plaintiff to suffer an injury, or if plaintiff is purporting to allege that the "Transportation Department" has used different polices that are "dangerous" over the time that plaintiff was detained at the WVDC. Because plaintiff's Complaint fails to set forth factual allegations concerning the implementation of the specific practice or custom of the WVDC that he alleges was a "traditional method of carrying out policy," the nature of plaintiff's claim or claims is unclear.

Accordingly, the Court finds that plaintiff's Complaint fails to set forth factual allegations sufficient to allow the Court to draw a reasonable inference that any employee of the WVDC (in his or her official capacity) is liable for any alleged constitutional violation. *See, e.g., Iqbal*, 556 U.S. at 678.

For these reasons, the Court finds that plaintiff's Complaint violates Rule 8 and fails to state a claim against any defendant upon which relief may be granted.

\*\*\*\*\*\*\*\*\*\*\*

**If plaintiff still desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than thirty (30) days after the date of this Order, remedying the pleading deficiencies discussed above.** The First Amended Complaint should bear the docket number assigned in this case; be

11

labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other attachment, or document.

The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize. Plaintiff is admonished that he must sign and date the civil rights complaint form, and he must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

In addition, if plaintiff no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a). The clerk also is directed to attach a Notice of Dismissal form for plaintiff's convenience.

**Plaintiff is further admonished that, if he fails to timely file a First Amended Complaint, or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice on the grounds set forth above and for failure to diligently prosecute.**

**IT IS SO ORDERED**.

DATED: 7/26/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE